IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROBIN WOOTEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | NO. 4:22-CV-202-O |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Came on for consideration the motion of United States of America for summary judgment. Plaintiff, Robin Wooten, has failed to respond to the motion, which is ripe for ruling.[1] The Court, having considered the motion, the record, and applicable authorities, concludes that the motion must be **GRANTED**.

**I.     PLAINTIFF'S CLAIM**

Plaintiff brings this action under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–80 ("FTCA"), alleging medical negligence arising from care provided for her eyes. Specifically, she alleges that she suffered retinal detachments in both eyes that, due to improper care, resulted in complete loss of vision in her left eye and "much distraction" in her right eye. ECF No. 5 at 4.

**II.    GROUNDS OF THE MOTION**

United States sets forth three independent grounds in support of her motion for summary judgment. First, Plaintiff cannot prevail because she does not have any expert medical testimony to establish the essential elements of her claim. Second, Plaintiff received proper care. And third,

---

[1] It appears that Plaintiff may have decided not to pursue her claims. The government reports that Plaintiff failed to make pretrial disclosures as required by the Court's scheduling order. ECF No. 36.

no act or omission by the government caused Plaintiff's injuries. ECF No. 32 at 1.

### III.   APPLICABLE LEGAL STANDARDS

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if it could change the outcome of the litigation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The Court views the evidence in the light most favorable to the nonmovant but need not comb through the record in search of evidence creating a genuine issue of material fact. *See Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). Moreover, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### IV.   ANALYSIS

The FTCA provides a limited waiver of the government's sovereign immunity and is the exclusive remedy for tort claims against the United States for money damages. *United States v. Smith*, 499 U.S. 160, 161–62 (1991). Pursuant to the FTCA, the United States may be held liable for the negligent or wrongful act or omission of an employee "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Because Plaintiff's claim arises out of actions that allegedly occurred here, her claims are governed by Texas law. *Ayers v. United States*, 750 F.2d 449, 452 n.1 (5th Cir. 1985).

2

To establish a claim for medical malpractice in Texas, the burden is on the plaintiff to prove: (1) the physician's duty to act according to an applicable standard of care; (2) a breach of the applicable standard of care; (3) an injury; and (4) a causal connection between the breach of care and the injury. *Hannah v. United States*, 523 F.3d 597, 601 (5th Cir. 2008) (citing *Quijano v. United States*, 325 F.3d 564, 567 (5th Cir. 2003)). Unless the mode or form of treatment is a matter of common knowledge or is within the experience of laymen, expert testimony is necessary to meet the plaintiff's burden of proof. *Id.*; *Jelinek v. Casas*, 328 S.W.3d 526, 533 (Tex. 2010) (general rule is that causation must be established through expert testimony).

Texas law presumes that a physician has properly discharged his duty to a patient. *Patriacca v. Frost*, 98 S.W.3d 303, 306 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (citing *Kaster v. Woodson*, 123 S.W.2d 981, 982–83 (Tex. Civ. App.—Austin 1938, writ ref'd)). To overcome the presumption, the plaintiff must show by expert medical testimony that the defendant doctor breached the standard of care owed to the plaintiff and that such breach proximately caused the plaintiff's damages. *Id.* (citing *Hart v. Van Zandt*, 399 S.W.2d 791, 792–93 (Tex. 1965)); *Guile v. United States*, 422 F.3d 221, 225 (5th Cir. 2005) (standard of care, breach, and proximate cause must by established through expert testimony).

Diagnosis and treatment of retinal detachment are not the sort of issues that are within a layman's knowledge. *See Thomas v. United States*, No. 4:12-CV-005-Y, 2013 WL 12092515, at *5 (N.D. Tex. July 9, 2013) (blindness); *Mitchell v. United States*, No. 09-680 (RBK/KMW), 2011 WL 5863946, at *3–*4 (D.N.J. Nov. 21, 2011) (loss of vision); *Ferguson v. Sniezek*, No. 1:CV-10-02638, 2013 WL 3942090, at *14 (M.D. Pa. July 30, 2013) (cataract treatment). Because Plaintiff does not have any expert testimony, she cannot meet her burden of proof. *Hannah*, 523

F.3d at 601.

Because Plaintiff cannot prevail without expert testimony, the Court need not reach the other grounds of the motion. The Court does note (for future reference) that the government's expert does not purport to be familiar with the standard of care applicable in Texas. ECF No. 33 at 208–11.

### V.     CONCLUSION

The government's motion for summary judgment is **GRANTED;** Plaintiff **TAKE NOTHING** on her claim; and Plaintiff's claim is **DISMISSED**.

**SO ORDERED** this **8th day** of **July, 2024**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

4